THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ADAM BROOM,<br><br>        Petitioner,<br><br>v.<br><br>JUDGE MCIFF ALLEN,<br><br>        Respondent. | **MEMORANDUM DECISION & ORDER<br>TO AMEND DEFICIENT PETITION**<br><br>Case No. 4:22-CV-5-DN<br><br>District Judge David Nuffer |

Petitioner, Adam Broom, a pretrial detainee held at Utah State Hospital, filed a *pro se* habeas-corpus petition under 28 U.S.C.S. § 2241 (2023). (ECF No. 6.) Petitioner must cure deficiencies before proceeding further.

## DEFICIENCIES IN PETITION

There are several deficiencies in the petition. It

**(a)**      lists a respondent other than Petitioner's custodian.

**(b)**      requests money damages, which are unavailable via a habeas-corpus action.

**(c)**      does not indicate any claims have been exhausted in the state-court system.

**(d)**      does not assert that Petitioner is in custody in violation of the Federal Constitution.

**(e)**      has claims possibly based on illegality of Petitioner's current confinement; however, petition apparently not submitted using legal help Petitioner entitled to by Petitioner's institution under Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of

confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from Rule 8's minimal pleading requirements. After all, "a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Indeed, the Court's proper function is not to take "the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should observe the following points before filing an amended petition:

• Revised petition must stand entirely on its own and not refer to, or incorporate by reference, any part of the original petition or any other prior documents filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original)

• Petitioner must name current custodian (warden or ultimate supervisor of imprisonment facility) as respondent. *See* R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

• Federal rule requires the petition to "(1) specify all the grounds for relief available . . .; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner." R.2(c), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

• Petitioner may generally not bring civil-rights claims (e.g., regarding conditions of confinement) in a habeas-corpus petition.

• Claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2023); claims about the execution of Petitioner's sentence should be brought under *id.* § 2241.

• Petitioner should get help to prepare initial pleadings from legal resources at Petitioner's facility.

## O R D E R

**IT IS HEREBY ORDERED** that:

**(1)** Petitioner shall have **thirty days** to cure the above deficiencies. In response to this Order, the Court will accept one document entitled, "Amended Petition." Amended Petition shall include all issues, arguments, and citations in one document, with no reference to any other document. An amended petition is the only document the Court will review to determine whether to order Respondent to answer. R.4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

**(2)** The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form habeas petition and form civil-rights complaint, for Petitioner to complete,

according to directions, if desired. If a civil-rights complaint is submitted, it should be separate in a new case.

**(3)** If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

**(4)** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.").

**(5)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**(6)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

DATED this 3rd day of July, 2023.

BY THE COURT:

_____
JUDGE DAVID NUFFER
United States District Court